UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAWRENCE LATHAM, CDCR #G-48528,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, Director of the California Department of Corrections; JOHN DOE, Warden of R.J. Donovan; JOHN AND JANE DOES, Correctional Officers of the California Department of Corrections,<br><br>Defendants. | Case No.: 3:20-CV-0354-JLS-BGS<br><br>**ORDER: (1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1); AND (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

Plaintiff Joshua Lawrence Latham, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 17.

1

## I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

### A. *Plaintiff's factual allegations*

Plaintiff alleges that he was first housed at RJD on May 29, 2019. (*See* Compl. at 3.) Plaintiff claims RJD correctional officers have been "using technology" to "look through the Plaintiff's eyes like a camera, listen through his ears," and "control his motor functions." (*Id.*) He further alleges RJD correctional officers "use the technology to look through his eyes while Plaintiff is in the shower and using the restroom." (*Id.* at 4.) Plaintiff also claims that "correctional officers have been sending emotional brain signals to staff and inmates to create hostility/conflict." (*Id.* at 5.) Plaintiff alleges that "correctional staff at CSP-Corcoran and CCC Susanville utilized the technology in the same manner." (*Id.*) Plaintiff seeks declaratory and injunctive relief, along with money damages. (*Id.* at 9.)

///

### B. Application to Plaintiff's claims

The Court finds Plaintiff's entire Complaint is patently frivolous. A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Here, the Court finds that Plaintiff's claims "rise to the level of the irrational or the wholly incredible," *Denton,* 504 U.S. at 33, and as such, his Complaint requires dismissal as frivolous and without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

## II. Conclusion and Order

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A and without leave to amend;

2. **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 17) as moot; and

3. **CERTIFIES** that an IFP appeal from this Order would also be frivolous and, therefore, could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548,

///
///
///

550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 7, 2020

Hon. Janis L. Sammartino
United States District Judge